```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
```

HILDA OTERO,

       Plaintiff,

    -against-

NORTH BELLMORE UNION FREE
SCHOOL DISTRICT, et al.

       Defendants.
```
-------------------------------------------------------X
```

**MEMORANDUM & ORDER**

Civil Action No. 07-0010

**APPEARANCES:**

**For the Plaintiff**
**Hilda Otero, Pro Se**
725 Hoover Street
North Bellmore, New York 11710

**For the Defendants**
**Ruffo Tabora Mainello & McKay P.C.**
300 Marcus Avenue, suite 1W10
Lake Success, New York 11042
By: John F. McKay, III, Esq.

**HURLEY, Senior District Judge:**

      Presently before the Court is the application of Plaintiff Hilda Otero ("Plaintiff") "to dismiss the case without costs or attorneys' fees to either party." (Docket No. 34). According to Plaintiff, she is requesting dismissal "for the most part because my previous lawyer was conflicted out, and this was not my fault . . . ." The application does not indicate whether the requested dismissal should be without prejudice. Defendants have responded, requesting, inter alia, that "should the court entertain the plaintiff's request that any such dismissal should be with prejudice." (Docket No. 35). For the reasons set forth below, the action is dismissed without

prejudice and without costs or attorneys' fees to either side.

## Procedural Background

Plaintiff commenced this action on January 3, 2007 alleging that the defendants subjected her to disparate and discriminatory treatment in the workplace due to her age, national origin and disability. Defendants filed an answer to the complaint on May 22, 2007 and by letter dated July 6, 2007 sought leave to move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(c). Plaintiff then voluntarily filed an amended complaint dropping one of the originally named defendants who was no longer employed by Defendant North Bellmore Union Free School District (the "District Defendant") and had moved out of state. The District Defendant and the remaining individual defendants filed an answer to the complaint on August 30, 2007. On October 9, 2007, Defendants filed a fully briefed Rule 12(c) motion.

On October 23, 2007, Defendants filed a letter motion to compel discovery. By letter dated December 4, 2007, Defendants sought leave to move to disqualify Plaintiff's counsel on the grounds that he had previously represented the District Defendant. In response, Plaintiff's counsel represented that the failure to provide discovery was related to Defendants' position that he could not represent the Plaintiff due to a conflict of interest. Although he disputed the necessity of withdrawing, he advised that he would voluntarily withdraw to avoid the appearance of impropriety and to "prevent the creation of issues that are not germane to plaintiff's claims." Thereafter, Magistrate Judge Lindsay denied the motion to compel and Plaintiff's counsel moved to withdraw from the action. The withdrawal motion was granted, over Plaintiff's objection, on February 14, 2008.

By letter dated March 30, 2008 and docketed March 31, 2008, Plaintiff, proceeding pro

se, wrote to Judge Lindsay requesting that the action be dismissed without costs or attorneys' fees to Defendants. On April 2, 2008, Defendants moved to dismiss for lack of prosecution based on Plaintiff's failure to respond to Defendants' discovery demands.

**Discussion**

Pursuant to Federal Rule of Civil Procedure 41(a), a court may dismiss an action at the plaintiff's request "on terms that the court considers proper." *See* Fed. R. Civ. Pro. 41(a)(2). Said dismissal is without prejudice unless the court specifies otherwise. *Id.*

The Second Circuit has found the following factors relevant to a court's consideration of whether to grant a voluntary dismissal without prejudice:

> the plaintiff's diligence in bringing the motion; any "undue vexatiousness" on the plaintiff's part; the extent to which the suit has progressed, including defendant's efforts and expense in preparation for trial ; the duplicative expense of relitigation; and the adequacy of plaintiff's explanation for the need to dismiss.

*Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990).

Consideration of these factors leads the Court to conclude that the appropriate exercise of its discretion is to dismiss the action without prejudice. Plaintiff diligently requested dismissal, making her application a mere six weeks after her counsel's motion to withdraw was granted. The record does not reveal any undue vexatiousness of her part. Indeed, the opposite would appear to be true. Plaintiff voluntarily amended her complaint to drop the individual defendant who had moved and was no longer employed by the District Defendant. Also, Plaintiff's former counsel agreed to withdraw rather than require Defendants to file a motion when, more than eleven months after the action was commenced, Defendants sought leave to file a motion to disqualify.

3

Finally, it appears that this action has not progressed very far. No depositions have been conducted and discovery has been limited.

## Conclusion

For the reasons set forth above. Plaintiff's application is granted. The action is hereby dismissed pursuant to Rule 41(a)(2) without prejudice and without costs or attorneys' fees to any party.

**SO ORDERED.**

Dated: Central Islip, New York
April 10, 2008

/s/
Denis R. Hurley
Senior District Judge